## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

VICTOR WESTON DUVALL,

      Plaintiff,

v.                                                       Case No.  5:21-cv-70-TKW-MJF

DOUGLAS WADE MERCER, *et al.*,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Victor Weston Duvall, a prisoner proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. (Doc. 1).[1] The undersigned recommends that Duvall's complaint be dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), for failure to state a claim upon which relief can be granted, and because Duvall seeks monetary relief from Defendants who are immune from such relief.[2]

---

[1] Duvall's Jackson County Correctional Facility Inmate Number is 163546. (Doc. 1 at 1). Duvall's Florida Department of Corrections DC Number is Q17301. (*Id.*).

[2] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. DUVALL'S COMPLAINT

Duvall is a pre-trial detainee confined at the Jackson County Correctional Facility. Duvall is charged with Cyberstalking and, in a separate, with violating his probation or supervised release. (Doc. 1 at 5-6). Duvall claims that the charges violate his First- and Fourteenth-Amendment rights. (*Id*. at 7). Duvall's complaint names three Defendants: Douglas Wade Mercer, his former defense counsel; Larry Birge, a Jackson County Sheriff's Deputy; and Sheilla Jones, an Assistant State Attorney.

Duvall alleges that Mercer represented him as retained counsel in his prior criminal proceeding and that Mercer negotiated a plea deal for a sentence of probation. (*Id*. at 5). Duvall contends that Mercer later became a Florida county court judge and presided over a proceeding in which a woman (Jade Cloud) filed for an "injunction of protection for stalking" against Duvall. (*Id*.). Mercer did not grant the injunction, (*id*. at 5), but Duvall began contacting Mercer "to defend myself " and "to fix his work as my attorney and critici[z]e him for ignoring my rights and pain." (*Id*. at 6). Duvall's communications with Mercer led to the current Cyberstalking charge, which, in turn, led to the violation of probation charge. (*Id*.).

Concerning Birge and Jones, Duvall alleges that he met with Birge and presented him with evidence that Cloud had perjured herself, but Birge declined to investigate the matter and instead referred Duvall to the State Attorney's Office. (*Id*.

at 5-6). Duvall alleges that Assistant State Attorney Jones "ignored and verbally abused" him. (*Id*. at 6).

Duvall states that as a result of the Cyberstalking and VOP charges, he has lost jobs and is homeless. (*Id*.). As relief, Duvall seeks the following:

> I'm requesting a cease and desist for the allegation against me[;] a $400 a/day for wrongful confinement and lost wages and home at current $120,800.00 +/- and a writ of Habeas Corpus.

(*Id*. at 7).

## II. SCREENING UNDER 28 U.S.C. §§ 1915 AND 1915A

Because Duvall is a prisoner and is proceeding *in forma pauperis*, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). The Rule 12(b)(6) standard governs dismissals for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc*., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter,

accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal* at 678. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, that is, "across the line from conceivable to plausible." *Id.* at 570; *see also Iqbal*, 556 U.S. at 678 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint also may be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cn401ty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

### III.  DUVALL'S COMPLAINT FAILS TO STATE A PLAUSIBLE § 1983 CLAIM

## A.  <u>Duvall Fails to State a Claim Against Mercer</u>

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988)). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotations omitted). Only in rare circumstances may a private party be viewed as a state actor for § 1983 purposes:

> [T]o hold that private parties . . . are State actors, th[e] court must conclude that one of the following three conditions is met:  (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution (State compulsion test); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State (public function test); or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was a joint participant in the enterprise (nexus/joint action test).

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (internal quotations omitted).

Duvall is suing Mercer for actions Mercer performed as a private party—retained counsel in Duvall's prior criminal case, and the complainant in Duvall's current Cyberstalking case. Duvall's allegations do not satisfy any of the tests

Page 5 of 12

necessary to transform Mercer into a state actor. Mercer's negotiating a plea deal for Duvall pursuant to a contract for legal services does not satisfy any of the tests necessary to transform Mercer into a state actor. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").

Similarly, Mercer's "[m]erely making a report of perceived misconduct and furnishing information to the police is not such a 'rare circumstance'" where a private party "[can] be viewed as a 'state actor' for section 1983 purposes." *Kelly v. Broward Sheriff's Off. Dep't of Det.'s*, 560 F. App'x 818, 821 (11th Cir. 2014) (quoting *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1268 (11th Cir. 2012) ("[A]ny private citizen can submit a report to law enforcement and seek criminal charges against another person."); *Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("The mere furnishing of information to police officers does not constitute joint action under color of state law which renders a private citizen liable under §§ 1983 or 1985."). Because Duvall's complaint fails to state a viable § 1983 claim against Mercer, and fails to allege facts from which a federal claim could conceivably arise, Duvall's

claim against Mercer should be dismissed for failure to state a claim upon which relief can be granted.[3]

## B.    **Duvall Fails to State a Claim Against Birge**

Duvall claims that Birge violated his constitutional rights when he failed to investigate and "pursue charges" against Cloud for perjuring herself. (Doc. 1 at 5-6). Even assuming that Cloud in fact perjured herself, Duvall has no constitutional right "in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (same); *Diamond v. Charles*, 476 U.S. 54, 56 (1986) (holding that individual-plaintiff could not compel the State to enforce its law against other citizens); *Harder v. Hunter*, 572 F. App'x 904, 907 (11th Cir. 2014) (holding that there is no cognizable due-process claim for a state or local law enforcement agency's failure to investigate, arrest, or otherwise aid a private individual who claims a crime has been committed against him). Duvall's complaint fails to state a

---

[3] It does not appear that Duvall is suing Mercer for actions he performed in his judicial function. Such a claim would be barred by judicial immunity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Murphy v. Stacy*, 809 F. App'x 677, 682-83 (11th Cir. 2020) (dismissing § 1983 claims against Florida circuit court judge who presided over portion of state foreclosure proceeding against plaintiff, based on judicial immunity).

plausible federal claim against Birge (in his individual or official capacity) for his failure to investigate or prosecute Duvall's allegations of perjury against Cloud.

## C.   Duvall Fails to State a Claim Against Jones

Duvall also claims that Assistant State Attorney Jones violated his constitutional rights when she verbally abused him, failed to prosecute Cloud for perjury, and charged Duvall with Cyberstalking. (*Id.* at 6-7). Duvall seeks damages and a "cease and desist" order enjoining his prosecution for Cyberstalking and violating probation.

Duvall's official-capacity claims against Jones for damages are barred by Eleventh-Amendment immunity. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "As such, it is no different from a suit against the State itself." *Id.* Absent the State's waiver of sovereign immunity, which is not present, the Eleventh Amendment bars Duvall's official-capacity claims for damages. *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (holding that Congress, in enacting 42 U.S.C. § 1983, did not abrogate State sovereign immunity), *overruled on other grounds by Hafer v. Melo*, 502 U.S. 21, 27 (1991).

Duvall's individual-capacity claims for damages against Jones are barred by prosecutorial immunity. "A prosecutor is entitled to absolute immunity for all

actions [s]he takes while performing h[er] function as an advocate for the government." *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). The initiation and pursuit of a criminal prosecution, and appearances before the court and other in-court activity, are classic examples of actions taken by a prosecutor in performing his or her role as a government advocate. *Rivera*, 359 F.3d at 1353; *see also Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999) (finding that absolute immunity extends to a prosecutor's acts performed "in preparing for the initiation of judicial proceedings for trial, and which occur in the course of his role as an advocate for the State"). For qualifying acts, a prosecutor receives absolute immunity regardless of the prosecutor's motive or intent. *See Grant v. Hollenbach*, 870 F.2d 1135, 1138 (6th Cir. 1989) ("Absolute prosecutorial immunity is not defeated by a showing that the prosecutor acted wrongfully or even maliciously. . . ." (quotations omitted)). Because Jones's alleged failure to prosecute Cloud for perjury was performed within the scope of her role as a government advocate, Jones is entitled to absolute immunity from Duvall's suit for damages. *Rivera*, 359 F.3d at 1353.

Further, although prosecutors do not enjoy absolute immunity from suits for injunctive relief, *see Bolin*, 225 F.3d at 1242, Duvall's claim for injunctive relief should be dismissed based on *Younger* abstention principles. S*ee Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to *Younger* and *Samuels v. Mackell*, 401 U.S. 66

(1971), federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54). Subsequent decisions have refined *Younger* to state that the exceptions occur only when the prosecution is brought expressly to harass the defendant or otherwise in bad faith, or when the statute under which the defendant is charged is clearly and flagrantly unconstitutional. *See Trainor v. Hernandez*, 431 U.S. 434, 447 (1977); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); *The News-Journal Corp. v. Foxman*, 939 F.2d 1499, 1507-09 (11th Cir. 1991); *Redner v. Citrus Cnty., Fla.*, 919 F.2d 646, 650 (11th Cir. 1990).

Resolving Duvall's claim to enjoin the state court proceedings against him would significantly interfere with the pending criminal prosecution and violation of probation proceeding. None of the exceptions to the *Younger* doctrine apply. Duvall's allegations do not establish, or support an inference, that the Cyberstalking or probation violation prosecution is motivated by bad faith. *See Trainor*, 431 U.S. at 447; *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980) ("Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope

of obtaining a valid conviction . . . is federal injunctive relief against pending state prosecutions appropriate.").

Duvall further fails to show that the "irreparable injury" exception applies. Irreparable injury does not include injury which is incidental to every prosecution brought lawfully and in good faith. *See Kugler v. Helfant*, 421 U.S. 117, 123-25 (1975) (citing *Younger*, 401 U.S. at 46). Irreparable injury exists if the statute under which a defendant is being prosecuted is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or if unusual circumstances exist that would call for equitable relief. *Younger*, 401 U.S. at 53-54 (citing *Watson v. Buck*, 313 U.S. 387, 402 (1941)). Duvall makes no such showing here. Additionally, Duvall has an adequate state forum in which to raise his claims. He may raise them in his state criminal case and in the probation violation proceedings. Duvall's claim for injunctive relief, therefore, also should be dismissed.

## D.    <u>Futility of Amendment</u>

"Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). However, "[a] district court need not . . . allow an amendment . . . where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Because the deficiencies in Duvall's § 1983 claims cannot be cured by

amendment, this action should be dismissed without affording him an opportunity to file a futile amendment of his complaint.

## IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.     This case be **DISMISSED** under 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

2.     The clerk of court be directed to close this case file.

At Pensacola, Florida, this <u>12th</u> day of April, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.**